988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto GUEVARA, Defendant-Appellant.
 No. 92-10005.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 17, 1992.
Decided March 11, 1993.
 
 Appeal from the United States District Court for the District of Nevada; No. CR-91-00067-PMP, Philip M. Pro, District Judge, Presiding.
 D.Nev.
 REVERSED.
 Before WALLACE, Chief Judge, and GOODWIN and POOLE, Circuit Judges.
 
 MEMORANDUM
 
 1
 Guevara appeals from his conviction and sentence, following a jury trial, for possession of counterfeit currency, in violation of 18 U.S.C. § 472. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse.
 
 
 2
 Guevara argues that the district court erred in deciding that the government's peremptory challenge of two Black jurors did not violate his rights under the equal protection clause which forbids the government from challenging potential jurors on the basis of race. See Batson v. Kentucky, 476 U.S. 79, 89 (1986) (Batson ). Guevara timely contested the government's peremptory challenge of two Black jurors. The district court then solicited the prosecutor's explanations regarding his challenges, "and thus implicitly found that [Guevara] had made a prima facie showing of intentional discrimination." Palmer v. Estelle, No. 91-55812, slip. op. 869, 874 (9th Cir. Feb. 2, 1993). The burden thus shifted to the government to "articulate a neutral explanation related to" this case. Batson, 476 U.S. at 98. The district court concluded that the government had satisfied this burden. "Since the district court's determination of whether a peremptory challenge constituted purposeful discrimination turns on an evaluation of credibility of the prosecutor's explanation, we should give those findings great deference." United States v. Chinchilla, 874 F.2d 695, 697-98 (9th Cir.1989).
 
 
 3
 Even reviewing for clear error, we conclude that the district court was mistaken in holding that the government articulated a non-pretextual, neutral explanation for its exclusion of prospective juror Holmes. The government gave three reasons for excluding Holmes: she was single, she was a mother, and she was unemployed. In fact, Holmes is married, childless, and employed at the same casino as other jurors who were not challenged. With respect to Holmes, the record offers evidence of pretext, and absolutely nothing, other than her race, to distinguish her from several jurors accepted by the government. Applying Chinchilla, we hold that because all three of the government's reasons fail to withstand judicial scrutiny, we must reverse. See id. at 699.
 
 
 4
 Because we conclude that the district court clearly erred in accepting the government's explanation for the challenge to Holmes, we need not consider Guevara's arguments concerning prospective juror Brown.
 
 
 5
 REVERSED.